UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARATOUSE C. HOLLOWAY,

    Plaintiff,

v.                                                         Case No. 21-CV-928

LT. WICKMAN, *et al.*,

    Defendants.

## ORDER

On March 24, 2022, defendant Lt. Wickman filed a motion for summary judgment on the grounds that *pro se* plaintiff Maratouse C. Holloway failed to exhaust his administrative remedies. (ECF No. 19.) Pursuant to Civil Local Rule 15(b)(2), and a Notice an Order issued by the court on March 25, 2022, Holloway had until April 25, 2022, to respond to the Wickman's motion for summary judgment.

The April 25, 2022, deadline has passed, and Holloway still has not filed a response. As such, the court will construe the Wickman's motion for summary judgment on exhaustion grounds as unopposed. The court has reviewed the defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that the Wickman is entitled to summary judgment on the grounds that Holloway failed to exhaust his administrative remedies. Specifically,

Holloway did not appeal the institution complaint examiner's rejection of the relevant inmate complaint.

Accordingly, the Wickman's motion is granted, and the claim against Wickman is dismissed without prejudice. It is dismissed without prejudice because when a plaintiff brings a lawsuit prior to exhausting his administrative remedies, the suit is premature. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020) ("A premature lawsuit must be dismissed without prejudice, and the prisoner must file a new suit after fully exhausting his administrative remedies."). The court also notes that Hollow failed to identify the John Doe defendants by the April 25, 2022, deadline as outlined in the scheduling order. (ECF No. 17.) As such, they are also dismissed. Because there are no remaining claims, the case is dismissed.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment on exhaustion grounds (ECF No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 12th day of May, 2022.

STEPHEN C. DRIES
United States Magistrate Judge